# IN THE COURT OF APPEALS OF IOWA

No. 23-2042
Filed December 18, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENNETH EDWIN BARNES,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, John J. Sullivan, Judge.

Kenneth Edwin Barnes appeals his sentences after pleading guilty to possession with intent to deliver methamphetamine and possession of marijuana, third or subsequent offense. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Kenneth Edwin Barnes appeals his sentences after pleading guilty to possession with intent to deliver methamphetamine and possession of marijuana, third or subsequent offense. Barnes contends the sentencing court abused its discretion by considering a plea agreement that Barnes claims was no longer in effect at the time of sentencing. Because the district court accepted Barnes's guilty pleas and denied his motion in arrest of judgment, the sentencing court did not abuse its discretion by considering the plea agreement in sentencing Barnes.

**I. Background Facts and Proceedings.**

Barnes was facing three criminal charges when his attorney negotiated a plea agreement with the State. Barnes agreed to plead guilty to one charge and a lesser included offense of another in exchange for the State dismissing the third charge and two simple misdemeanor cases. The agreement called for consecutive ten-year and five-year sentences and was conditioned on the district court's concurrence.

The district court held the plea hearing the same day that Barnes signed the written plea agreement. During the plea colloquy, Barnes agreed that his attorney did not threaten or coerce him into pleading guilty. Finding that Barnes's plea was knowing and voluntary and supported by a factual basis, the court agreed it would "not sentence [Barnes] to anything worse than what [he] bargained for" and set a date for sentencing.

Within one month of the plea hearing, Barnes asked the court to appoint him new counsel and moved in arrest of judgment, alleging his first attorney coerced his guilty plea. The court appointed Barnes a new attorney but denied his

request to withdraw his pleas. At the sentencing hearing, Barnes again cited alleged deficiencies in his first attorney's performance and asked the court to deviate from the plea agreement and suspend his sentences. The court noted that Barnes signed a written plea agreement that fully explained the terms, and it sentenced Barnes according to the agreement.

## II. Discussion.

On appeal, Barnes challenges his sentences. Although we review sentencing decisions for correction of errors at law, we only reverse for "an abuse of discretion or some defect in the sentencing procedure." *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (citation omitted). Barnes contends that the district court abused its sentencing discretion by relying on the written plea agreement. He claims that the plea agreement is an improper factor because the parties were no longer in agreement as to the sentence, as shown by Barnes moving in arrest of judgment.

Before we can reach the merits of his claim, Barnes must show good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3). Good cause means a "legally sufficient reason." *Damme*, 944 N.W.2d at 104 (quoting *Good Cause*, *Black's Law Dictionary* (11th ed. 2019)). Good cause exists when a defendant challenges the sentence imposed after pleading guilty rather than the plea itself. *Id.* at 105. A defendant has good cause to appeal "a discretionary sentence that was neither mandatory nor agreed to as part of [a] plea bargain." *Id.* The State argues that Barnes cannot show good cause because the district court followed the written plea agreement in imposing sentence. In other words, the State claims that Barnes got exactly what he bargained for. We have dismissed appeals from guilty pleas

in similar circumstances. *See State v. Swington*, No. 23-0383, 2023 WL 8448499, at *1 (Iowa Ct. App. Dec. 6, 2023) (collecting cases). But Barnes alleges the plea agreement was no longer in effect at the time of sentencing. Thus, whether Barnes received the benefit of what he bargained for is at issue. Regardless of the merits of Barnes's claim, he has established good cause to appeal. *See id.* (holding that defendant established good cause to appeal by complaining that he did not get what he bargained for despite the court rejecting his claim).

Turning to the merits, the district court did not abuse its discretion in considering and following the sentences agreed on in the written plea agreement. If a defendant withdraws a guilty plea, "the content of any plea discussions and any resulting plea agreement, plea, or judgment shall be inadmissible in any proceeding." Iowa R. Crim. P. 2.10(4). Barnes tried to withdraw his plea by moving in arrest of judgment, but the district court denied the motion. Barnes did not apply for discretionary review of that denial, *see* Iowa Code § 814.6(2)(f) (allowing discretionary review of an order denying a motion in arrest of judgment on grounds other than ineffective assistance of counsel), and he does not challenge it now, *see e.g., State v. Scott*, No. 20-1453, 2022 WL 610570, at *3–5 (Iowa Ct. App. Mar. 2, 2022) (granting defendant's request to consider notice of appeal as an application for discretionary review of district court's denial of his motion in arrest of judgment in appeal challenging knowing and voluntary nature of his guilty pleas). The ruling stands, as do the pleas. Because Barnes never withdrew his guilty pleas, the district court did not abuse its discretion by considering the written plea agreement at the sentencing hearing. We therefore affirm his sentences.

**AFFIRMED.**